

FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 0 4 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Stefanie Kuerschner
PO Box 2800
Carefree, AZ 85377
In Propria Persona
info@apachecottage.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Case No. **CV26-00713-PHX-JJT**

**Stefanie A. Kuerschner,**

*Plaintiff,*

**v.**

James T. Kuerschner,

Michael Kuerschner,

Joan F. Kuerschner Irrevocable

Trust,

*Defendants*

**COMPLAINT FOR FRAUD ON THE COURT, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983, UNJUST ENRICHMENT, ACCOUNTING, AND EQUITABLE RELIEF**

<u>**COMPLAINT FOR FRAUD ON THE COURT, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983, UNJUST ENRICHMENT, ACCOUNTING, AND EQUITABLE RELIEF**</u>

**I. NATURE OF THE ACTION**

1. This action arises from an extraordinary and continuing course of conduct in which Defendants James T. Kuerschner, Michael Kuerschner, and the Joan F. Kuerschner Irrevocable Trust deliberately corrupted state-court proceedings, suppressed and destroyed material evidence, diverted marital and estate assets, and then weaponized court-issued

PAGE **1** OF **16**

authority to block judicial review and punish the Plaintiff for attempting to expose that fraud.

2.  This case is not an appeal of probate rulings, nor an attempt to relitigate ordinary state-law disputes. It is a new federal civil rights and equity action arising from independent wrongful acts that occurred during and after probate proceedings, including fraud on the court, misuse of fiduciary power, retaliation for protected petitioning activity, and unjust enrichment.

3.  Plaintiff previously filed Kuerschner v. Joan F. Kuerschner Irrevocable Trust et al., Case No. 2:24-cv-01235-SPL, which was dismissed without prejudice, prior to discovery and without adjudication on the merits. At the time of dismissal, Defendants had exclusive control of financial records, electronic devices, and trust documentation and were actively withholding evidence necessary to establish the scope of their misconduct. Because dismissal without prejudice does not operate as a judgment on the merits, Plaintiff is entitled to refile where, as here, Defendants' continued concealment prevented a fair presentation of claims. See *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001).

## II. JURISDICTION

4.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under 42 U.S.C. § 1983, alleging violations of the First and Fourteenth Amendments, including denial of access to courts, procedural due process, and retaliation for protected petitioning activity.

5.  This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff is a citizen of Arizona. Defendant James T. Kuerschner is a citizen of New York. Defendant Michael Kuerschner is a citizen of Vermont. The Joan F. Kuerschner Irrevocable Trust is administered and controlled outside Arizona and is therefore diverse from Plaintiff. The amount in controversy exceeds $75,000, as Defendants diverted and retained hundreds of thousands of dollars in marital income, retirement distributions, insurance proceeds, and trust assets.

6. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for Plaintiff's equitable claims, including unjust enrichment, accounting, and constructive trust, because they arise from the same nucleus of operative facts.

7. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) because the misconduct was carried out through Arizona probate courts, Arizona civil courts, and Arizona-based fiduciary appointments, and the resulting injuries were suffered in Arizona.

### III. FRAUD ON THE COURT – GOVERNING LEGAL STANDARD

8. Fraud on the court is a distinct and severe doctrine that applies where a party's conduct corrupts the judicial process itself, not merely where false evidence affects an opposing party. The Supreme Court has long recognized that courts possess inherent authority to vacate judgments obtained through fraud that "defile[s] the court itself." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

9. Fraud on the court includes deliberate schemes involving:
   1. Submission of materially false sworn filings,
   2. Suppression or destruction of evidence,
   3. Manipulation of court-appointed authority, and
   4. Conduct that prevents courts from performing their impartial adjudicative function.

10. See *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1133 (9th Cir. 1995).

11. Arizona law is in accord. Arizona courts recognize fraud on the court where a litigant "has prevented a real contest before the court" through deception or concealment. *Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 299 (App. 2011). When fraud infects the judicial process itself, principles of finality yield to the court's duty to protect the integrity of its proceedings.

12. Here, Defendants' conduct did not merely affect outcomes — it engineered the record, controlled the evidence, and induced courts to issue orders, sanctions, and filing restrictions on the basis of false factual predicates.

### IV. ACTION UNDER COLOR OF STATE LAW – § 1983 LIABILITY

13. Although Defendants are private actors, Defendant James T. Kuerschner acted under color of state law by virtue of his appointment as Personal Representative in Arizona Probate

PAGE **3** OF **16**

Matter PB2021-003597. A private party acts under color of state law when he "invokes the aid of state officials" or "makes use of state procedures with the overt, significant assistance of state officials." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

14. Court-appointed fiduciaries exercise state-created authority, including the power to:

   1. Control access to estate and business records,

   2. Submit sworn filings on behalf of the estate,

   3. Seek court orders, sanctions, and filing restrictions, and

   4. 4nforce judicial judgments against other parties.

15. When such authority is knowingly used to submit false filings, suppress evidence, and retaliate against a litigant for protected activity, the fiduciary acts under color of state law for purposes of § 1983. See *Dennis v. Sparks*, 449 U.S. 24, 28–29 (1980); *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996).

16. Plaintiff alleges that Defendant James Kuerschner used his state-conferred fiduciary authority to obtain court orders and attorney-fee judgments based on false representations, including knowingly incorrect statements regarding Dr. Thomas W. Kuerschner's business ownership and a false date of death. Defendant Michael Kuerschner knowingly participated in and benefitted from these acts. Such conduct constitutes joint action sufficient to satisfy § 1983.

## V. RIGHT OF ACCESS TO COURTS AND RETALIATION

17. The right of access to the courts is a fundamental constitutional right protected by the First and Fourteenth Amendments. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

18. State actors may not retaliate against individuals for filing lawsuits, seeking evidence, or petitioning courts for redress. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Retaliation that takes the form of sanctions, filing restrictions, or fee awards imposed through false representations violates § 1983 where it chills protected activity and forecloses meaningful judicial review.

19. Plaintiff alleges that Defendants intentionally used fraudulent filings and selective disclosure to provoke adverse rulings and filing restrictions, not as legitimate litigation strategy, but to silence her efforts to expose fiduciary misconduct and financial diversion.

## VI. WHY REFILING IS PROPER AFTER DISMISSAL WITHOUT PREJUDICE

20. A dismissal without prejudice does not bar subsequent litigation where claims were not adjudicated on the merits. *Costello v. United States*, 365 U.S. 265, 285 (1961). Refiling is particularly appropriate where the prior action was dismissed before discovery and where defendants continued to conceal evidence necessary to establish claims.

21. Here, Defendants' continued withholding of financial records, trust documents, electronic devices, and transactional histories makes refiling not only permissible but necessary to prevent unjust enrichment and ongoing constitutional injury.

## FACTUAL ALLEGATIONS: EVIDENCE SUPPRESSION, ASSET DIVERSION, AND TRUST ENRICHMENT

### A. Control of Evidence, Devices, and Digital Records

22. Following the death of Thomas W. Kuerschner, DDS, Defendants James T. Kuerschner and Michael Kuerschner obtained exclusive access to electronic devices, storage media, and digital records belonging to the decedent and located within the marital home.

23. These devices included, but were not limited to, Thomas Kuerschner's personal laptop, external hard drives, removable storage devices, and computers associated with the marital residence and business operations of Summit Aesthetics LLC.

24. Plaintiff did not consent to Defendants' access, removal, duplication, alteration, or deletion of data from these devices, nor was any neutral forensic protocol followed.

25. Michael Kuerschner, in particular, accessed and handled devices containing financial records, communications, and business data relevant to probate administration, trust activity, life insurance matters, and marital assets.

26. Upon information and belief, Defendants caused data to be deleted, overwritten, or rendered inaccessible, including records that would have reflected financial transfers, account authorizations, trust funding, and retirement distributions.

27. The destruction and alteration of electronically stored information occurred while Defendants were on notice of active and anticipated litigation and while probate proceedings were pending, giving rise to a duty to preserve evidence.

28. This spoliation was material. The wiped and withheld data would have demonstrated the timing, authorization, and destination of substantial financial transfers at issue in this action.

29. By controlling and altering these devices, Defendants ensured that courts would never see a complete and truthful digital record of the decedent's finances, business operations, and trust-related activity.

**B. Diversion of Marital Income and Retirement Assets**

30. During the marriage of Plaintiff and Thomas W. Kuerschner, substantial income was generated through Summit Aesthetics LLC, which constituted marital income under Arizona law.

31. In addition to operating income, Plaintiff and Thomas Kuerschner accumulated joint marital retirement accounts, including retirement distributions subject to federal tax treatment and reporting obligations.

32. Following Thomas Kuerschner's death, Defendants accessed, redirected, and withdrew funds from marital income streams and joint retirement assets without Plaintiff's consent and without full disclosure to the probate court.

33. Defendants structured these withdrawals to minimize or avoid personal tax liability to themselves while shifting tax consequences onto the business entity or estate.

34. As a result, Summit Aesthetics LLC and the estate absorbed tax penalties, losses, and liabilities associated with distributions that ultimately enriched Defendants personally.

35. Plaintiff alleges that Defendants withdrew and transferred funds in amounts reaching $290,000 per transaction, routing these funds into personal checking accounts for Michael Kuerschner and James Kuerschner and into the Joan F. Kuerschner Irrevocable Trust.

36. During probate defendants continues movement of assets for the estate outside of probate into personal accounts and the Joan F Kuerschner Trust our of the reach of creditor(s) or marital property claims.

PAGE **6** OF **16**

37. These transfers were not ordinary administrative expenses, nor were they supported by transparent accounting, court authorization, or contemporaneous documentation.

38. Instead, Defendants characterized these withdrawals as business losses or expenses, despite the fact that the funds were diverted for personal benefit and trust enrichment.

39. The result was a dual injury: Plaintiff was deprived of marital property, and the business entity bore artificial losses that distorted financial records and tax reporting.

40. During the significant national emergency of the business could not obtain a disaster relief EDIL loan due to these transfers of retirement income to the defendants.

**C. Use of the Joan F. Kuerschner Irrevocable Trust as a Conduit**

41. The Joan F. Kuerschner Irrevocable Trust served as a repository for assets diverted from marital and estate sources.

42. Defendants transferred funds into the Trust while withholding trust instruments, ledgers, and transactional histories necessary to trace the source and legitimacy of those assets.

43. Plaintiff repeatedly sought disclosure of trust funding sources and distributions, but Defendants refused to produce complete records, instead offering partial or conclusory summaries.

44. The Trust was unjustly enriched by assets that originated as marital income or retirement funds, to which Plaintiff held lawful interests.

45. Defendants used the Trust's structure to create distance between themselves and the diverted assets, while maintaining effective control and beneficial enjoyment.

46. The Trust's enrichment occurred contemporaneously with Defendants' suppression of evidence and manipulation of probate proceedings, indicating coordinated conduct rather than independent transactions.

47. The defendants testified in affidavits and court filing(s) about transfers to themselves and the Joan F Kuerschner Irrevocable trust but reported no such receipt of tax free retirement income any Joan F Kuerschner Irrevocable tax return.

**D. Fraudulent Probate Filings and Misrepresentations to Courts**

48. Defendants' financial misconduct was reinforced through false and misleading filings submitted to the Maricopa County Superior Court in Probate Matter PB2021-003597.

49. James T. Kuerschner filed appointment papers in August 2021 that relied on an incorrect date of death for Thomas W. Kuerschner, despite knowledge of the true date and circumstances.

50. That false predicate carried forward into subsequent filings, shaping the court's understanding of timing, authority, and fiduciary conduct.

51. On October 2, 2024, James Kuerschner submitted a sworn declaration and application for attorney fees asserting that Thomas W. Kuerschner, DDS was not a member or manager of his own oral surgery practice, a statement that was demonstrably false.

52. At all relevant times, Thomas Kuerschner was a member, manager, and president of Summit Aesthetics LLC, as reflected in operating agreements, regulatory filings, and contemporaneous business records.

53. The false attorney-fee declaration was used to portray Plaintiff's witnesses and evidence as irrelevant and to justify fee awards imposed against Plaintiff.

54. These filings were not isolated inaccuracies. They were part of a sustained pattern of misrepresentation designed to delegitimize Plaintiff's claims while concealing Defendants' diversion of assets.

55. Courts relied on these false submissions to issue orders, sanctions, and judgments that materially affected Plaintiff's rights.

**E. Weaponization of Filing Restrictions and Fee Judgments**

56. After Plaintiff began uncovering and alleging financial misconduct, Defendants sought and obtained vexatious-litigant restrictions against her.

57. These restrictions were imposed while Defendants continued to withhold records and while Plaintiff lacked access to the very evidence necessary to substantiate her claims.

58. The filing restrictions operated as a de facto evidentiary bar, preventing Plaintiff from presenting newly discovered evidence, seeking subpoenas, or requesting forensic review of devices and accounts.

59. Defendants simultaneously pursued attorney-fee judgments against Plaintiff, further chilling her access to courts and punishing her for protected petitioning activity.

60. The combined effect of filing restrictions and fee judgments was to insulate Defendants' misconduct from judicial scrutiny and to create a false appearance of finality.

61. Such use of court procedures to suppress fraud constitutes fraud on the court and violates the constitutional right of access to courts recognized in *Christopher v. Harbury*, 536 U.S. 403 (2002).

## F. Continuing Nature of the Misconduct

62. Defendants' misconduct is ongoing. They continue to withhold financial records, trust documentation, and digital evidence necessary to trace diverted assets.

63. Each day that Defendants retain these assets without accounting constitutes continuing unjust enrichment.

64. Each continued reliance on fraud-tainted court orders constitutes a fresh injury to Plaintiff's constitutional rights.

65. The harm alleged is not speculative or historical; it is active, continuing, and remediable through federal equitable relief.

## G. Causal Connection to Federal Claims

66. The suppression of evidence, destruction of digital records, diversion of assets, and misuse of court authority directly caused the dismissal without prejudice of Plaintiff's prior federal action by preventing development of a factual record.

67. These same acts now form the basis for federal jurisdiction and relief, as they constitute independent violations of federal law and equity.

68. Plaintiff brings this action not to relitigate probate outcomes, but to address the means by which those outcomes were obtained and the continuing deprivation of rights and property.

## CAUSES OF ACTION, EQUITABLE RELIEF, AND PRAYER

## COUNT I

### FRAUD ON THE COURT (Inherent Federal Authority)

69. Plaintiff realleges and incorporates by reference Paragraphs 1 through 84.

70. Federal courts possess inherent authority to address fraud on the court where a party's conduct has corrupted the judicial process itself and prevented courts from performing their impartial adjudicative function. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

71. Fraud on the court is established where litigants engage in a deliberate scheme involving suppression of material evidence, submission of false sworn filings, manipulation of court-conferred authority, or conduct that undermines the integrity of judicial proceedings. *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1133 (9th Cir. 1995).

72. Defendants engaged in fraud on the court by submitting materially false filings in probate proceedings, including appointment papers using an incorrect date of death and a sworn attorney-fee declaration falsely asserting that Thomas W. Kuerschner, DDS was not a member, manager, or president of Summit Aesthetics LLC.

73. Defendants further committed fraud on the court by suppressing and destroying electronically stored information, including financial records and digital data from the decedent's devices, while litigation was pending and reasonably foreseeable, thereby preventing courts from accessing a complete and truthful evidentiary record.

74. Defendants used court procedures, proposed orders, and filing restrictions to institutionalize that fraud by preventing Plaintiff from presenting newly discovered evidence, seeking subpoenas, or obtaining forensic review of devices and accounts.

75. The misconduct alleged did not merely disadvantage Plaintiff as a litigant; it corrupted the adjudicative process itself and induced courts to issue orders and judgments based on false premises.

76. Because fraud on the court strikes at the integrity of judicial proceedings, it is not subject to ordinary finality principles, waiver, or res judicata. *Hazel-Atlas*, 322 U.S. at 244–45.

77. Plaintiff is entitled to equitable relief to prevent Defendants from benefitting from fraud-tainted orders and to permit development of a complete and truthful record in this Court.

## COUNT II

### CIVIL RIGHTS VIOLATIONS – 42 U.S.C. § 1983

### (Denial of Access to Courts and Procedural Due Process)

78. Plaintiff realleges and incorporates by reference Paragraphs 1 through 84.

79. Defendant James T. Kuerschner acted under color of state law by invoking his court appointment as Personal Representative in Probate Matter PB2021-003597 to obtain judicial orders, control access to records, submit sworn filings on behalf of the estate, and seek sanctions and filing restrictions against Plaintiff.

80. A private party acts under color of state law when he uses state procedures with significant assistance from state officials or exercises authority created by state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

81. Court-appointed fiduciaries who misuse state-conferred authority to deprive individuals of constitutional rights act under color of state law for purposes of § 1983. *Dennis v. Sparks*, 449 U.S. 24, 28–29 (1980).

82. Defendant James Kuerschner used his state-conferred authority to submit false filings, suppress evidence, and obtain filing restrictions and attorney-fee judgments designed to punish Plaintiff for protected petitioning activity.

83. Defendant Michael Kuerschner knowingly participated in and benefitted from this conduct, including receipt of diverted funds and participation in suppression and destruction of evidence, thereby acting in joint participation sufficient to establish § 1983 liability. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996).

84. The First Amendment guarantees the right of access to the courts and the right to petition for redress of grievances. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

85. The Fourteenth Amendment prohibits deprivation of property without due process of law and protects against arbitrary state action.

86. Defendants deprived Plaintiff of meaningful access to the courts by suppressing evidence, destroying digital records, and using filing restrictions and fee judgments obtained through false representations to foreclose judicial review.

87. Defendants' conduct also deprived Plaintiff of procedural due process by causing courts to issue judgments and sanctions based on false factual predicates and an artificially frozen record.

88. These constitutional injuries were actual and concrete, resulting in loss of property interests, inability to present claims, and chilling of protected activity.

89. Plaintiff is entitled to declaratory and injunctive relief, as well as equitable remedies, to redress these ongoing constitutional violations.

## COUNT III

### CIVIL RIGHTS VIOLATIONS – 42 U.S.C. § 1983

### (Retaliation for Protected Petitioning Activity)

90. Plaintiff realleges and incorporates by reference Paragraphs 1 through 84.

91. Retaliation against an individual for exercising First Amendment rights, including filing lawsuits and seeking judicial relief, violates § 1983 where the retaliatory acts would chill a person of ordinary firmness from continuing that activity. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

92. Plaintiff engaged in protected activity by filing probate objections, seeking discovery, and pursuing federal litigation to expose fiduciary misconduct and asset diversion.

93. Defendants responded by submitting false filings, seeking filing restrictions, pursuing attorney-fee judgments, and characterizing Plaintiff's evidence as frivolous while withholding the documents necessary to prove her claims.

94. These actions were substantially motivated by Plaintiff's protected activity and were intended to silence her and deter further inquiry.

PAGE **12** OF **16**

95. The retaliatory conduct caused concrete harm, including loss of access to courts, financial penalties, and ongoing deprivation of property interests.

96. Plaintiff is entitled to relief under § 1983 for retaliation in violation of the First Amendment.

## COUNT IV

### UNJUST ENRICHMENT (Arizona Law)

97. Plaintiff realleges and incorporates by reference Paragraphs 1 through 84.

98. Unjust enrichment occurs where one party is enriched at another's expense under circumstances that make retention of the benefit unjust. *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 318 (App. 2012).

99. Defendants received and retained benefits derived from marital income, joint marital retirement distributions, and business revenues belonging in equity to Plaintiff.

100. Defendants structured withdrawals to avoid personal tax liability while shifting tax burdens and losses onto Summit Aesthetics LLC and the estate, thereby increasing Defendants' net benefit.

101. The Joan F. Kuerschner Irrevocable Trust was unjustly enriched by funds diverted from marital and estate sources without lawful justification or transparent accounting.

102. Retention of these benefits is inequitable and unjust, and equity requires restitution.

## COUNT V

### ACCOUNTING AND CONSTRUCTIVE TRUST

103. Plaintiff realleges and incorporates by reference Paragraphs 1 through 84.

104. Where a fiduciary or beneficiary controls financial information and has commingled or diverted assets, equity authorizes an accounting to determine the extent of misappropriation. *Mollohan v. Christy*, 80 Ariz. 141, 144 (1956).

105. Defendants exclusively control records necessary to trace the flow of funds, including bank statements, trust ledgers, retirement account records, and digital data that has been withheld or destroyed.

106. A constructive trust is appropriate where property has been acquired through fraud, abuse of confidence, or unconscionable conduct. *Turley v. Ethington*, 213 Ariz. 640, 643 (App. 2006).

107. Equity requires imposition of a constructive trust over all funds and assets wrongfully retained by Defendants.

## COUNT VI

### DECLARATORY AND INJUNCTIVE RELIEF

### (28 U.S.C. §§ 2201–2202)

108. Plaintiff realleges and incorporates by reference Paragraphs 1 through 84.

109. An actual and ongoing controversy exists concerning Defendants' continued retention of assets, suppression of evidence, and reliance on fraud-tainted court orders.

110. Plaintiff seeks a declaration that Defendants' conduct constituted fraud on the court and violated Plaintiff's constitutional rights.

111. Plaintiff further seeks injunctive relief prohibiting Defendants from further destroying, concealing, or transferring records or assets and requiring preservation and production of all remaining evidence.

### PRAYER FOR RELIEF

112. Plaintiff respectfully requests that the Court enter judgment in her favor and grant the following relief:

113. A declaration that Defendants committed fraud on the court.

114. A declaration that Defendants violated Plaintiff's rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983.

115. An order requiring a full accounting of all funds derived from marital income, retirement distributions, business revenues, and trust transfers.

116. Restitution and disgorgement of all unjustly retained funds.

117. Imposition of a constructive trust over wrongfully retained assets.

118. Injunctive relief prohibiting further destruction or concealment of evidence and requiring preservation and production of records.

119. Such other and further equitable relief as the Court deems just and proper.

### JURY DEMAND

120. Plaintiff demands a trial by jury on all issues so triable.

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Submitted on this 4th day of February 2026.

_____

**Stefanie A. Kuerschner**

P.O. Box 2800

Carefree, AZ 85377

info @ apachecottage.com

480-931-2911

PAGE **15** OF **16**